UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HEALTHCARE JUSTICE COALITION, LLC,<br><br>Plaintiff,<br><br>v.<br><br>UNITEDHEALTHCARE INSURANCE COMPANY,<br><br>Defendant. | Civil Action No. 1:26-cv-11001<br><br>**DECLARATION OF AMANDA L. GENOVESE IN SUPPORT OF UNITEDHEALTHCARE INSURANCE COMPANY'S OPPOSITION TO MOTION TO REMAND** |

I, AMANDA L. GENOVESE, declare as follows:

1. I am a resident of New York County in the State of New York. I am over the age of 18 years, of sound mind, and fully competent to make this Declaration.

2. I am a Partner with Seyfarth Shaw LLP and counsel for Defendant UnitedHealthcare Insurance Company ("UHIC"). I make this Declaration in opposition to the motion to remand filed by Plaintiff Healthcare Justice Coalition, LLC ("Plaintiff").

3. I base the statements herein on my knowledge and experience representing UHIC in this matter, as well as on information obtained from publicly available government websites, and information contained in various court dockets, all of which are subject to judicial notice.

4. There are a number of cases pending in federal courts involving Plaintiff or Plaintiff-affiliated entities. In one such matter in the United States District Court for the District of New Jersey, the court permitted jurisdictional discovery and ultimately denied a motion to remand, finding that diversity jurisdiction existed. In doing so, the court rejected arguments and testimony regarding an alleged oral transfer purportedly made by Plaintiff in this case (which would have defeated diversity), noting that "[t]here [we]re no witnesses to the alleged oral transfer

[and] no contemporaneous writing" documenting the purported transaction. *Healthcare Just. Coal. NJ, LLC v. UnitedHealth Grp., Inc.*, 2026 WL 851242, at \*3 (D.N.J. Mar. 27, 2026).

5.      In other pending federal matters, Plaintiff has made a variety of representations regarding its membership that reflect ongoing evolution.  For example, in *Healthcare Justice Coalition, LLC v. UnitedHealthcare Insurance Company*, No. 26-cv-189 (S.D. Ind.) ("Indiana Matter"), Plaintiff filed a declarations in support of its motion to remand.  A true and correct copy of the Declaration of Elliot Listman (Indiana Matter, ECF No. 11-2) is attached hereto as **Exhibit A**.

6.      In a different pending matter, *Healthcare Justice Coalition, LLC v. Aetna Health Inc.*, No. 26-cv-689 (S.D. Ind.), Plaintiff disclosed that Allia 770 Ventures allegedly has additional members beyond those disclosed in prior cases.  A true and correct copy of the disclosure (ECF 15) is attached hereto as **Exhibit B.**

7.      Plaintiff is owned by eCure, LLC, which has rebranded as Allia Group.  (*See* ECF 22 (starting at page 8), which contains are true and correct printouts of Allia Group's website.)

8.      Lakes/National Emergency Physicians, Inc., the staffing company referenced in the Complaint, filed for Chapter 7 bankruptcy on February 21, 2025. The case, *In re Lakes/National Emergency Physicians, Inc.*, No. 25-40060-NEL (Bankr. S.D. Ill.), was jointly administered with the bankruptcy cases of NES America, Inc. and other affiliated debtor entities.   After the bankruptcy cases were filed, it was reported, including in an official publication of American College of Emergency Physicians, that, [1]

> Late last year, the emergency department (ED) physician practice management company NES Health ceased operations, leaving hundreds of physicians and advanced practitioners at 35 hospitals nationwide scrambling.  This "difficult decision to wind down and cease operations" left these health care professionals

---

[1]      https://www.acepnow.com/article/another-failed-physician-mgmt-company-leaves-ed-staff-dangling/ (accessed May 29, 2026).

uncertain if they will ever get paid for up to 2.5 months of work already performed, wondering who they would be working for next, and whether they would still have essential malpractice liability 'tail' coverage.

9.     On March 11, 2026, Plaintiff provided UHIC with a list of benefit claims at issue ("Claims List").  The Claims List includes certain data fields, including: "Patient Name," "Patient Date of Birth", "Patient Primary Insurance Subscriber ID," "Full Facility Name," "Group Name," "TIN," "Primary Insurance Name – External," "Date of Service," "Procedure Code,"  "Total Charges," "Allowed Amount," "Balance Due (Charges - Allowed)," and "Internal Patient Account Number."   The date range of the benefit claims on the Claims List is 3/19/2018 to 8/11/2024 relating to one provider group TIN: (1) 43-1682326, Lakes/National Emergency Physicians Inc.

10.     The Claims List contains approximately 3,000 claims, of which approximately 10% of which were zero-pay (*i.e.* the claims/services were denied in full).  Plaintiff also included a benefit claim with a "-$253.00" balance, suggesting an overpayment made under an ERISA plan administered by UMR, Inc. (identified under "Primary Insurance Name – External").  UMR, Inc.—an entity that provides claims administration services to self-funded commercial ERISA health benefit plans.  Based on the face of Plaintiff's Claims List, UMR, Inc. is the "Primary Insurance Name – External" for 1,241 benefit claims.  For another 860 benefit claims, Plaintiff sought $0.00 in "Balance Due (Charges – Allowed)."

11.     The Claims List revealed that benefit claims and members/beneficiaries (patients) are tied to a specific "Primary Insurance Subscriber ID(s)," which correlates to enrollment in a specific health benefits plan and the "Allowed Amount" under plan terms, if such services are covered.

12.     On April 16, 2026, Plaintiff served an Updated Claims List, which contained the same data fields as the Claims List, but with an "at issue" designation.  The Updated Claims List

revealed, again, that Plaintiff seeks to recover the difference between billed charges and the "Allowed Amount," if any, reimbursed by UHIC (or other payor), nearly $1.6 million.

13.     The Updated Claims List also shows approximately 320 claims with $0 reimbursed. Although Plaintiff now states that these claims are not "at-issue," it made that revision the day it served the First Amended Complaint, and the day before it sought remand.   Regardless, approximately 860 "at-issue" benefit claims reflect $0 balance due.

14.     Using the Claims List and Updated Claims List data provided by Plaintiff (including patient details, insurer/claims administrator, and dates of service), over 99% of the benefit claims were matched.[2]   Approximately 2,990 benefit claims pertain to ERISA plans ("ERISA Claims").   This includes over 2,500 self-funded plans for which UHIC and/or affiliates provided administrative services only.   The ERISA Claims were denied for multiple reasons, including:

- BENEFITS FOR THIS SERVICE OR SUPPLY ARE DENIED.   IT IS CONSIDERED PART OF ANOTHER SERVICE AND IT IS NOT ALLOWED AS A SEPARATE CHARGE;

- THIS SERVICE OR SUPPLY IS DENIED.   IT IS CONSIDERED PART OF ANOTHER SERVICE PERFORMED ON THE SAME DAY, OR IT IS NOT ALLOWED AS A SEPARATE CHARGE;

- This service or supply is part of a main procedure and is not covered separately;

- BENEFITS FOR THIS SERVICE ARE DENIED. OUR RECORDS SHOW THAT WE HAVE ALREADY PROCESSED THIS CHARGE.; BENEFITS FOR THIS SERVICE ARE DENIED;

---

[2] *See* Declaration of Jane Stalinski, which is being concurrently filed, regarding the retrieval of the claims data utilized for claims matching purposes.

\-   BASED ON OUR REIMBURSEMENT POLICY, THIS SERVICE OR SUPPLY IS NOT ALLOWED AS SEPARATE CHARGE.

\-   Benefits for this service are denied.  The documentation you submitted does not support the level of service billed.

15.   The matched data shows that seven benefit claims pertain to claims adjudicated under Medicare-governed plans.

16.   The Centers for Medicare & Medicaid Service maintains a public Medicare Advantage Plan Directory,[3] and that directory shows that UHIC contracts with the federal government to provide Medicare benefits.

17.   Plaintiff's claims lists in other similar cases brought against UHIC and related entities have likewise included denied claims, non-rate disputes and Medicare claims.

I certify under penalty of perjury that the foregoing is true and correct, to the best of my knowledge.  I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

Executed on May 29, 2026

*/s/ Amanda Lyn Genovese*
Amanda Lyn Genovese

---

[3]  https://www.cms.gov/data-research/statistics-trends-and-reports/medicare-advantagepart-d-contract-and-enrollment-data/ma-plan-directory (accessed May 29, 2026).

# EXHIBIT A

Docusign Envelope ID: 2E623955-692A-4C60-AD9B-27DDC8BB1F5D

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**

|  |  |
|---|---|
| HEALTHCARE JUSTICE COALITION, LLC, <br><br> Plaintiff, <br><br> v. <br><br> UNITEDHEALTHCARE INSURANCE COMPANY, <br><br> Defendant. | Case No. 1:26-cv-00189 <br><br> Removed from the Marion Superior Court, Case No. 49D04-2512-MI-0606 |

<u>**DECLARATION OF ELIOT LISTMAN IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND**</u>

I, ELIOT LISTMAN, declare as follows:

1. I am a resident of Woodmere, New York. I am over the age of 18 years, of sound mind, and fully competent to make this Declaration.

2. I make this Declaration in support of Plaintiff Healthcare Justice Coalition, LLC's Motion to Remand.

3. I am the Chief Executive Officer of eCure, LLC ("eCure") a Delaware limited liability company.

4. eCure is the sole member of Healthcare Justice Coalition, LLC, the Plaintiff in this case.

5. eCure has two entity members, Cresson Management, LLC, and Allia 770 Ventures, LLC ("Allia 770").

6. eCure is also the managing member of Allia.

7. Allia is a limited liability company formed in Delaware with its principal place of business in New York. It has six individual members whose citizenships are Indiana, Michigan, Minnesota, Pennsylvania, Kentucky, and as of December 12, 2025, Connecticut.

1

I certify under penalty of perjury that the foregoing is true and correct, to the best of my knowledge. I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

Executed on February __27__, 2026

Signed by:

C43144312CDC43B

Eliot Listman

2

# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS, DIVISION**

| | |
|---|---|
| HEALTHCARE JUSTICE COALITION, LLC, | |
| Plaintiff, | Case No. 1:26-cv-00689-JRO-MG |
| v. | Removed from the Marion Superior Court, Case No. 49D13-2602-MI-06549 |
| AETNA HEALTH, INC. and AETNA LIFE INSURANCE COMPANY, | |
| Defendants. | |

**PLAINTIFF'S RULE 7.1 DISCLOSURE STATEMENT**

Plaintiff, Healthcare Justice Coalition, LLC ("HJC"), pursuant to Rule 7.1 of the Federal Rules of Civil Procedure and L.R. 7.1.1 hereby makes the following disclosures:

1) HJC is wholly owned by eCure, LLC.

2) HJC's citizenship information is as follows:

   a) HJC is a limited liability company that was formed in Delaware with its principal place of business in New York.

      i. It has one member, eCure, LLC ("eCure").

   b) eCure is a limited liability company formed in Delaware with its principal place of business in New York.

      i. eCure has two entity members, Cresson Management, LLC ("Cresson Management"), and Allia 770 Ventures, LLC ("Allia 770 Ventures"). Their respective citizenships are explained below.

      ii. eCure also has four individual members whose respective citizenships are California; New York; Massachusetts. The names of the individual members are:

1

- Jonathan Nissanoff who is a citizen of California

- Eliot Listman who is a citizen of New York.

- Jacob Selsman who is a citizen of Massachusetts.

- Evin Levin who is a citizen of New York

c)    Cresson Management is a limited liability company formed in Delaware with its principal place of business in the United States Virgin Islands. It has two individual members whose citizenships are both in the United States Virgin Islands. The names of the individual members are:

i.    David Messer who is a citizen of the United States Virgin Islands.

ii.    David Brainson who is a citizen of the United States Virgin Islands.

d)    Allia 770 Ventures is a limited liability company formed in Delaware with its principal place of business in New York. It has individual members whose citizenships are Indiana, Kentucky, Connecticut, Minnesota, Michigan, Pennsylvania, and New Mexico. The names of the individual members are:

i.    Eliezer Zalmanov who is a citizen of Indiana.

ii.    Shlomo Litvin who is a citizen of Kentucky.

iii.    Baruch Ceitlin who is a citizen of Connecticut.

iv.    Tzemach Feller who is a citizen of Minnesota.

v.    Dovber Grossbaum who is a citizen of Michigan.

vi.    Zalman Greenberg who is a citizen of Pennsylvania.

vii.    Eliyahu Kaminetzky who is a citizen of New Mexico.

2

Dated: April 20, 2026

Respectfully submitted,

By:      /s/ David Tassa
David Tassa
KING & SPALDING LLP
633 West Fifth Street, Suite 1600 Los Angeles, CA 90071
T: 213-443-4355
DTassa@kslaw.com

Lucas M. Fields
KING & SPALDING LLP
1700 Pennsylvania Ave., N.W., Suite. 900
Washington, D.C., 20006
T: 202-626-2399
LFields@kslaw.com

*Attorneys for Plaintiff, HEALTHCARE JUSTICE COALITION, LLC.*

3

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served on all counsel of record, via electronic service on the 20th day of April 2026.

/s/David Tassa
David Tassa
King & Spalding LLC